IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. **08-cv-00157-JLK-MJW**

U.S. BANK NATIONAL ASSOCIATION,
as trustee under the pooling and servicing
agreement dated as of April 1, 2002
Morgan Stanley Dean Witter
Capital I Inc. Trust 2002-NC2,

    Plaintiff,

v.

ONEIDA JEFFERSON, and all other occupants claiming an interest under defendants,

    Defendant.

## ORDER REMANDING TO STATE COURT

Kane, J.

    Plaintiff U.S. Bank National Ass'n ("Bank") commenced this unlawful detainer action against Defendant Oneida Jefferson in Denver County Court last fall, seeking to take possession of a home formerly owned by Ms. Jefferson which she lost due to foreclosure. More than 90 days later, appearing *pro se*, Ms. Jefferson purported to remove that action to federal court. The matter is before me on the Bank's Motion to Remand (Doc. 5).

    Ms. Jefferson was served with the County Court Summons in Forcible Entry and Unlawful Detainer, Verified Complaint and Demand for Possession (Doc. 1) on October 24, 2007. More than 90 days later she filed her Notice of Removal, properly citing the

removal statute at 28 U.S.C. § 1446 and asserting removal was timely under 28 U.S.C. § 1446(b) and proper as the result of the existence of both federal question jurisdiction, *see id.* § 1331, and diversity jurisdiction, *see id.* § 1332. Even assuming for the sake of argument that the underlying unlawful detainer action were a proper subject for removal (which is not at all clear), Ms. Jefferson's Notice is untimely under the statute and the matter must therefore be remanded to state court.

Federal courts are courts of limited jurisdiction and must narrowly construe statutes conferring federal jurisdiction. *E.g. ex rel. Grynberg v. Praxair, Inc.*, 389 F.3d 1038, 1048 (10th Cir. 2004), *cert. denied*, 545 U.S. 1139 (2005). As the Tenth Circuit has made clear, "there is a presumption against removal jurisdiction," *Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995), so that all doubts are resolved in favor of remand. *Fajen v. Foundation Reserve Ins. Co.*, 683 F.2d 331, 333 (10th Cir. 1982).

Section 1446(b) requires that notice of removal of a civil action be filed within 30 days of the date defendant is charged with notice of the facts or circumstances that make it removable to federal court. If the action is removable as it is originally filed, removal must be effected within 30 days of defendant's receipt of the initial pleading setting forward the plaintiff's claim for relief. *Id.* If an action is not removable as initially filed but becomes removable due to some action or filing or realignment of the parties, removal must be effected within 30 days of that action or filing or realignment "*except* that a case may not be removed on the basis of [diversity] jurisdiction . . . more

than 1 year after commencement of the action. *Id.* In her response to the Bank's Motion to Remand, Ms. Jefferson misapprehends this exception and Judge Krieger's recent decision applying it, Robbins v. AMICA Mut, Ins. Co., Civil Action No. 06-cv-00529-MSK-CBS, Mem. Op. & Order Remanding Case (Doc. 32), slip op. (D. Colo. July 19, 2006), reading it to permit removal diversity jurisdiction within a year of the action under any circumstances. That is not the case. In Robbins, the defendant in fact filed its Notice of Removal within 30 days of the state court's order severing it from a class action in a manner that created diversity of citizenship, but Judge Krieger was compelled to remand the action under the exception to § 1446(b) because the state court action was more than one year old. Accordingly, Robbins does not help Ms. Jefferson's case and does not salvage the effectiveness of the removal sought more than 60 days late.

IT IS ORDERED that this case be REMANDED to the District Court for Denver, Colorado.

Dated March 6, 2008.

                                           **s/John L. Kane**
                                           John L. Kane, Senior Judge
                                           United States District Court